NUMBER
13-00-344-CV





COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS





CORPUS CHRISTI

___________________________________________________________________




MARIA
SEARS AND THOMAS PRIESTLY, Appellants, 



v.





NUECES
COUNTY SHERIFF LARRY OLIVAREZ, ET AL., Appellees. 

___________________________________________________________________




On appeal from the
214th District Court

of
Nueces County, Texas.

___________________________________________________________________




OPINION ON MOTION FOR REHEARING





Before the Court En
Banc





Appellees
 Nueces County
Sheriff Larry Olivarez, et al., by and through their attorney of record, Walter
Bryan, Assistant Nueces County Attorney, have filed a request for rehearing on
Appellants' Unopposed Motion to Transfer. For the reasons stated herein, we
dismiss the motion for rehearing as moot. 

Background

On June 23, 2000, this
court received "Appellants Sears' and Priestly's
Unopposed Motion to Transfer," alternatively entitled "Appellant
Bradford Condit's Unopposed Motion to Transfer." The certificate of
service reflects that a copy of this motion was provided to Bryan
this same date by mail. The Texas Rules of Appellate Procedure provide that a
party may file a response to a motion at any time before the court rules on the
motion or by any deadline set by the court. Tex. R. App. P. 10.1(b); see
also 13th Tex. App. (Corpus Christi)
Loc. R. III. Appellees failed to file a response to
the "Unopposed Motion to Transfer," and this Court, sitting en banc,
denied the motion with an opinion issued on August 3, 2000. Appellees filed
their motion for rehearing on August
 16, 2000, within fifteen days after the order was rendered. See
Tex. R. App. P. 49.1. 

Motion for
Rehearing

Appellees request a rehearing for the sole purpose
of determining their opposition to the "Unopposed Motion to
Transfer." Appellees admit that they were
unopposed to appellants' submission of a motion to transfer, but state that: 

Appellees would have been and are currently
opposed to the type of disingenuous hyperbole expounded by Appellants' counsel
through the MOTION . . . 



Appellees vehemently oppose the rampant innuendo,
speculation, and conspiracy theories contained in the MOTION . . . 



Appellees file this formal written motion for
rehearing so as to not tacitly condone the MOTION and attachments which
personally attack the integrity of the honorable justices of this court and its
judicial process. 



We note that appellees state they attempted to
confer with counsel for appellants, Bradford M. Condit, about the merits of
their motion for rehearing, "but he could not decide if he was
opposed." Appellants have not subsequently filed a response to the motion
for rehearing. 

Analysis and
Conclusion

Appellees' motion for rehearing fails to request
relief from or modification of this Court's opinion as issued on August 3, 2000. Insofar as appellees fail to request substantive relief from this
Court's rulings in its opinion, appellees' motion for
rehearing requires no further consideration, and is dismissed as moot. 

In accordance with our prior ruling, we are forwarding copies of appellees' motion for rehearing and this opinion to the
State Commission on Judicial Conduct and to the Office of General Counsel of
the State Bar of Texas. 

EN BANC 



Publish. 

Tex. R. App. P. 47.3. 



Opinion on Motion for Rehearing delivered and 

filed this the 7th day of September, 2000.